**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00059-CR**
_____

**RODNEY DWAYNE CLEVELAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 05-94049**

**MEMORANDUM OPINION**

In this appeal, counsel for the appellant, Rodney Dwayne Cleveland,[1] filed a brief stating that there are no arguable points of error that would allow the court to give Cleveland relief from his conviction. After reviewing the record, we agree that no arguable issues support Cleveland's appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

---

[1]The record reflects that Rodney Dwayne Cleveland is also known as "Rock Dog."

1

In carrying out a plea bargain agreement, Cleveland pled guilty to delivery of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2010).[2] Under the terms of Cleveland's plea agreement, the trial court found Cleveland guilty of having delivered a controlled substance, assessed Cleveland's punishment at ten years in prison, suspended the imposition of Cleveland's sentence, placed Cleveland on community supervision for ten years, and assessed a fine of $500.

Subsequently, by motion, the State asked the trial court to revoke its community supervision order. At the revocation hearing, Cleveland pled "true" to violating three of the terms of the trial court's community supervision order. After the hearing, the trial court found that Cleveland violated three of the terms of its community supervision order and sentenced Cleveland to serve ten years in prison. Cleveland appealed.[3]

---

[2]We cite to the current version of the statute because the subsequent amendment does not affect the outcome of this appeal.

[3]We note that we previously dismissed Cleveland's appeal because the trial court's certification indicates that this is a plea bargain case and the defendant waived his right to appeal. Cleveland filed a motion for rehearing; the State responded, explaining that Cleveland is attempting to appeal from the revocation, not the original plea proceeding and that nothing indicated that Cleveland had waived his right to appeal. As a result, we reinstated Cleveland's appeal. At this late stage in the appellate process, rather than order the trial court to prepare and file an amended certification regarding the revocation appeal, the certification in

On appeal, Cleveland's counsel filed a brief presenting counsel's professional evaluation of the record. The brief states that Cleveland's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Cleveland to file a *pro se* brief, and Cleveland filed a response. Cleveland's response points out clerical errors in the trial court's judgment. According to Cleveland, the judgment reflects that he was convicted of possession of a controlled substance, but the court's record reflects that his conviction was for delivering a controlled substance. *See* Tex. Health & Safety Code Ann. §§ 481.112, 481.115 (West 2010).

After reviewing the appellate record, the *Anders* brief filed by Cleveland's counsel, and Cleveland's *pro se* response, we agree with counsel's conclusion that no arguable issues support Cleveland's appeal. Therefore, we need not order the appointment of new counsel to re-brief Cleveland's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Before our opinion issued, the trial court entered a judgment *nunc pro tunc*, correcting one of the clerical errors in the judgment by substituting "DELIVERY

---

the record that applies to the revocation hearing is deemed amended to certify that this "[i]s not a plea-bargain case[,] and the defendant has the right of appeal." *See* Tex. R. App. P. 2.

CS PG1 >=1G<4G" for the recitation stating "POSS CS PG1 >=1G<4G" under "Offense for which Defendant Convicted[.]" However, the judgment still cites the wrong statute for Cleveland's conviction. Therefore, under "Statute for Offense[,]" we substitute "481.112(c) HS" where the judgment states the conviction was based on "481.115(c) HS[.]" As this is a clerical issue, and because no arguable issues support Cleveland's appeal, we affirm the trial court's *nunc pro tunc* judgment, as reformed.[4]

AFFIRMED AS REFORMED.

_____
HOLLIS HORTON
Justice

Submitted on December 2, 2013
Opinion Delivered December 11, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

_____

[4]Cleveland may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.